FILED

UNITED STATES COURT OF APPEALS

JAN 05 2011

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL FORRAND, on behalf of himself, and all others similarly situated; et al., | No. 09-55543 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-01360-DSF-PJW Central District of California, Los Angeles |
| and | |
| ARA KARAMIAN, | ORDER AMENDING MEMORANDUM DISPOSITION |
| Plaintiff, | |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant - Appellee. | |

Before: HALL, FISHER, and BYBEE, Circuit Judges.

The memorandum disposition filed October 26, 2010, is amended as

follows:

At page 4, change the first sentence of the first full paragraph to read "Upon remand, the district court must apply this standard to determine whether the level of FedEx's control over employees within the proposed general class when they are on-the-clock but off-shift is sufficient to render the on-the-clock but off-shift time compensable under California law, first, in determining whether Rule 23 certification is proper and, subsequently, in deciding the merits."

With this amendment, the panel has voted to grant in part and deny in part the petition for rehearing. Judge Hall recommended the denial of the petition for rehearing en banc. Judges Fisher and Bybee have voted to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing is GRANTED in part and DENIED in part. The petition for rehearing en banc is DENIED.

No further petitions for panel rehearing or rehearing en banc will be entertained.


**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DANIEL FORRAND, on behalf of himself, and all others similarly situated; YVETTE GREEN, on behalf of themselves and all others similarly situated; EUGENE COLON, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs - Appellants,<br><br>  and<br><br>ARA KARAMIAN,<br><br>       Plaintiff,<br><br>  v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>       Defendant - Appellee. | No. 09-55543<br><br>D.C. No. 2:08-cv-01360-DSF-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 6, 2010

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: HALL, FISHER and BYBEE, Circuit Judges.

Plaintiffs-Appellants Daniel Forrand, Yvette Green, and Eugene Colon appeal the district court's denial of their motion for class certification. Because the facts are familiar to the parties, we will not recite them here. Upon consideration of the law, arguments, and record, we affirm in part, stay in part, reverse in part, and remand in part.

1.     *Proper Class Representatives*

We reverse the district court's decision to the extent it excluded Yvette Green as a proper class representative on the basis that Green had worked as a "handler" and "couriers/handlers" are excluded from the proposed class. Because handler and courier/handler are the titles of two discrete positions at Federal Express Corporation ("FedEx"), as conceded by Defendant-Appellee in its briefing, the district court clearly erred in determining Green was not a proper class representative for this reason.

We affirm, however, the district court's decision as to the exclusion of Forrand and Colon as class representatives. The Plaintiffs-Appellants did not raise the issue of Forrand's and Colon's exclusions in their opening brief on appeal, and we do not conclude the district court abused its discretion in finding them improper class representatives. *See Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th

Cir. 1990). Therefore, the proposed mechanic subclass is without a proper representative, and we affirm the district court's denial of certification as to the proposed mechanic subclass.

2. *The "Meal and Rest Break" Claims*

The Plaintiffs-Appellants argued on appeal that the district court abused its discretion in not staying the case pending the California Supreme Court's resolution of *Brinker Restaurant Corp. v. Superior Court,* 80 Cal. Rptr. 3d 781 (Cal. Ct. App. 2008). We agree that the resolution of *Brinker* may dictate what California law requires employers must do to comply with California state labor laws regulating employee meal and rest breaks. Therefore, we now stay the resolution of the issues raised by the Plaintiffs-Appellants potentially affected by *Brinker*, namely the Plaintiffs-Appellants' "meal and rest break" claims.

Notwithstanding this partial stay, the district court has discretion to proceed on the claims not potentially affected by *Brinker*. During oral argument, the parties agreed the *Brinker* claims were severable.

3. *The "Pay for All Hours Worked" Claim*s

We reverse and remand the district court's decision as to the Plaintiffs-Appellants' motion for class certification of their "pay for all hours worked" claims (i.e., the on-the-clock/off-shift issue). The district court's decision failed to articulate and apply the proper standard for determining when employee time

should be compensated as "hours worked" under California law. *See Rutti v. Lojack Corp., Inc.*, 596 F.3d 1046, 1061-62 (9th Cir. 2010) (separate opinion by Silverman, J.). As enunciated in *Rutti*, "Under California law it is the level of the employer's control over its employees that is determinative." *Id.* at 1062 (internal quotation marks removed); *see also Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 578 (2000) (interpreting DLSE's "hours worked" definition and holding that employee can be under an employer's control even when the employee is not "suffered or permitted to work"); *Bono Enters., Inc. v. Bradshaw*, 32 Cal. App. 4th 968, 975 (1995) (determining that "[w]hen an employer directs, commands or restrains an employee from leaving the work place during his or her lunch hour and thus prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control"), *disapproved on other grounds by Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557 (1996).

Upon remand, the district court must apply this standard to determine whether the level of FedEx's control over employees within the proposed general class when they are on-the-clock but off-shift is sufficient to render the on-the-clock but off-shift time compensable under California law, first, in determining whether Rule 23 certification is proper and, subsequently, in deciding the merits.

*4.     The* Foster *Data*

Insofar as the district court's decision relied upon the court's conclusion that the Plaintiffs-Appellants' case is "fundamental[ly] flaw[ed]" because their arguments "rel[ied]" on data "composed of records giving information about" shifts worked by employees excluded from the proposed general class, *Forrand v. Fed. Express Corp.*, No. CV08-1360, 2009 WL 648966, at *4 n.7 (C.D. Cal. Feb. 18, 2009) (internal quotation marks omitted), we reverse the decision. Although it is unclear from the district court's statement what shift data the district court was referring to, it appears from the Plaintiffs-Appellants' reply brief that the district court believed the Plaintiffs-Appellants had proposed the damages be calculated by using the data compiled for *Foster v. FedEx*, BC 282300 (L.A. Sup. Ct. Nov. 30, 2006), a previous class action case involving occupations excluded from the present suit. We credit the Plaintiffs-Appellants' argument that the existence of the *Foster* data is relevant merely because it is evidence that FedEx has access to the kind of data at issue in this case. Reply Br. 13.

In light of this clarification, the district court's conclusion that FedEx would be required to use the *Foster* data to calculate the damages in this case was mistaken. Accordingly, the district court erred in relying upon this mistaken conclusion to deny class certification.

AFFIRMED in part, STAYED in part, REVERSED in part, REMANDED in part. The parties shall bear their own costs on appeal.