**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS CAZARES, individually and on behalf of other individuals similarly situated,

Plaintiff-Appellant,

v.

HOST INTERNATIONAL, INC., a Delaware corporation,

Defendant-Appellee.

No.    20-55803

D.C. No.
2:20-cv-04102-PA-KS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 9, 2021[**]
Portland, Oregon

Before:  O'SCANNLAIN, PAEZ, and BENNETT, Circuit Judges.

Plaintiff Jesus Cazares ("Cazares") appeals the district court's dismissal

under Fed. R. Civ. P. 12(b)(6) of his putative class action against Defendant Host

International, Inc. ("Host"), alleging violations of California's Labor Code and

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

unfair competition law. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, we affirm.[1]

**1.**     Cazares alleges that he and putative class members are entitled to compensation for time spent passing through airport security checks en route to their workstation at the Admiral Club in a secured portion of Los Angeles International Airport.

California's wage orders require employers to pay employees for all "hours worked," defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Frlekin v. Apple Inc.*, 258 Cal. Rptr. 3d 392, 395 (Cal. 2020); Cal. Code. Regs. tit. 8, § 11050(2)(K). An employer exercises control whenever it "directs, commands or restrains an employee." *Frlekin*, 258 Cal. Rptr. 3d at 399 (quoting *Bono Enters., Inc. v. Bradshaw*, 38 Cal. Rptr. 2d 549, 553 (Ct. App. 1995)). "'[T]he level of the employer's control over its employees, rather than the mere fact that the employer requires the employees' activity, is determinative' concerning whether an activity is compensable under the 'hours worked' control clause." *Id.* at 406 (quoting *Morillion v. Royal Packing Co.*, 94 Cal. Rptr. 2d 3, 11 (Cal. 2000)).

---

[1] Cazares's and amicus curiae California Employment Law Council's motions to take judicial notice, Dkt. Nos. 9, 23, 27, are granted.

The California Supreme Court has "emphasize[d] that whether an activity is required remains probative in determining whether an employee is subject to the employer's control." *Id.* It further explained: "[A]t least with regard to cases involving *onsite* employer-controlled activities, the mandatory nature of an activity is not the only factor to consider. . . . [C]ourts may and should consider additional relevant factors — including, but not limited to, the location of the activity, the degree of the employer's control, whether the activity primarily benefits the employee or employer, and whether the activity is enforced through disciplinary measures — when evaluating such employer-controlled conduct." *Id.*

We agree with the district court that Cazares's first amended complaint fails to state a viable claim for unpaid wages because it does not allege facts sufficient to show he was subject to any level of control by Host during the security checks.

Cazares does not dispute that the airport security checks to which he and putative class members are subject "are mandated by a federal law," *United States v. Aukai*, 497 F.3d 955, 960 n.3 (9th Cir. 2007) (en banc), and are administered by a federal body, the Transportation Security Administration ("TSA"). 49 U.S.C. § 44901(b). Despite Cazares's concession that the security check process is mandated by federal law and administered by the TSA, Cazares's first amended complaint does not allege any facts showing that Host exercised *any* "level of control" over him and putative class members during the security check process.

3

*Frlekin,* 258 Cal. Rptr. 3d at 401. The most that can be gleaned from the allegations in the first amended complaint is that Cazares must pass through a TSA security check en route to his worksite at the Admiral Club inside a secured portion of Los Angeles International Airport. This allegation, however, provides none of the factual predicates contemplated by the framework set out by the California Supreme Court in *Morillion* and *Frlekin* to support an inference that Host, the employer, had *any* "level of control" over Cazares during the TSA security check process. This factor is "determinative" in assessing "whether an activity is compensable under the 'hours worked' control clause." *Frlekin*, 258 Cal. Rptr. 3d at 406. Accordingly, Cazares is not entitled to compensable "hours worked" for time spent during TSA security checks.[2]

2.      Cazares alleges that Host violated his and putative class members' rights to meal breaks under Cal. Lab. Code § 512. He fails to allege facts sufficient to state such a claim.

First, derivative of his unpaid wages claim, Cazares alleges that, because time spent going through security should have been treated as "hours worked," his shifts started earlier than recorded by Host's clock-in procedure, rendering his meal breaks late. Because Cazares's unpaid wages claim fails so too does this first purported basis for a meal break violation.

---

[2] We, therefore, decline to certify this issue to the Supreme Court of California.

4

Second, Cazares alleges that he was impermissibly subjected to *on-premises* meal breaks because, due to the TSA security process, he did not have time to leave the airport and return within thirty minutes. Cazares contends that Host violated California law because the circumstances of his worksite location inside a secured portion of the Los Angeles International Airport meant that he was not "free to leave the premises" during his meal break, or, at least, he was "impede[d] or discourage[d]" from doing so by Host. *Brinker Rest. Corp. v. Sup. Ct.*, 139 Cal. Rptr. 3d 315, 339, 343 (Cal. 2012).

Cazares's argument fails because it assumes that the only way Host could satisfy its obligation to permit him to "leave the premises" of the worksite during his meal break would be to permit Cazares to leave the secured area of the airport. The first amended complaint, however, fails to allege any factual basis for such an assumption. Cazares is employed by Host and assigned to work at the Admiral Club inside the secured area of Los Angeles International Airport. It is reasonable to infer, then, that the Admiral Club is the "premises" from which Host must permit him to leave. Cazares does not allege any facts suggesting that Host barred or discouraged him from leaving his worksite at the Admiral Club during his meal break. Cazares fails to allege any facts regarding Host's conduct, policies, statements, or actions relating to the location of Cazares's meal breaks.

**3.** Cazares alleges Host violated his and putative class members' right to rest

periods because "on many occasions" he "had to spend several minutes walking to the designated rest area" that resulted in his break being "taken short."

California's wage orders require employers to "authorize and permit all employees to take rest periods." Cal. Code. Regs. tit. 8, § 11050(12). To meet this requirement, employers "must relieve employees of all duties and relinquish control over how employees spend their time." *Augustus v. ABM Security Services, Inc.*, 211 Cal. Rptr. 3d 634, 644 (Cal. 2016).

Cazares does not allege that Host failed to "relieve [him] of all duties and relinquish control over how [he] spen[t] [his] time" during his rest period. *Id.* Cazares argues, instead, that Host violated California law by failing to provide him with "ten . . . minutes net rest time per four . . . hours" worked, Cal. Code. Regs. tit. 8, § 11050(12)(A), because Cazares "had to spend several minutes walking to the designated rest area," But this claim fails because Cazares does not allege any facts supporting the necessary predicate condition that Host *required* him to take his rest period at a particular designated area.

In fact, Cazares's factual allegations concede that he was *not required* to take his rest period at a designated rest area several minutes away by walking because he caveats the allegation by noting that his break was cut short "on many occasions." If Cazares were *required* to take his rest period at a certain designated area that was several minutes away, his rest period would *always* be cut short by

that walking time. Cazares fails to allege *any* facts about Host's policies regarding the location or duration of his rest break.

Thus, Cazares's claim fails because he does not allege that (1) he was required to take his rest period at a particular, remote designated area and (2) there were no other areas where he or putative class members could take rest periods that were closer than the designated area. Finally, Cazares does not point to any authority supporting his assertion that Host was required and failed to provide him with a designated rest area.

4.     Cazares alleges (that, by failing to pay full wages for "hours worked" and depriving him and putative class members of proper meal and rest breaks, Host violated California law requiring accurate wage statements, incurred penalties for forcing employees to wait to receive full wages owed after termination, and violated California's unfair competition law. These three claims are derivative of and dependent on Cazares's unpaid wages, meal break, and rest period claims. Therefore, these claims fail just as the underlying claims do.

**AFFIRMED.**

7