**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LYNNE WANG; YU FANG INES KAI;
HUI JUNG PAO, on behalf of
themselves and all others similarly
situated; LIEN YI JUNG; YU FANG
KAI; CHANG CHINGFANG; JEFFREY
SUN; SHIEH-SHENG WEI; YUN MIN
PAO; HUI JUNG LEE; CHENGYANG
YAN; SHIANG HUANG; CHIH-MING
SHEU; MINH VI-HUYNH; JENNY LIU
HUNG,
                    *Plaintiffs-Appellees*,

                    v.

CHINESE DAILY NEWS, INC.,
                    *Defendant-Appellant*.

No. 08-55483

D.C. No.
2:04-cv-01498-
CBM-JWJ

LYNNE WANG; YU FANG INES KAI;
HUI JUNG PAO, on behalf of
themselves and all others similarly
situated,
                    *Plaintiffs-Appellees*,


                    v.


CHINESE DAILY NEWS, INC.,
                    *Defendant-Appellant*,


                    and


LIEN YI JUNG; YU FANG KAI;
CHINGFANG CHANG; SHIEH-SHENG
WEI; YUN MIN PAO; HUI JUNG LEE;
CHENYANG YAN; SHIANG L. HUANG;
CHIH-MING SHEU; MINH VI-HUYNH;
JENNY LIU HUNG; JEFFREY SUN,
                    *Plaintiffs*.

No. 08-56740

D.C. No.
2:04-cv-01498-
CBM-JWJ


ORDER AND
OPINION

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted
July 31, 2012—San Francisco, California

Filed September 3, 2013

Before: Stephen S. Trott and William A. Fletcher,
Circuit Judges, and Charles R. Breyer, District Judge.[*]

Order;
Opinion by Judge W. Fletcher

## SUMMARY[**]

### Labor Law / Class Certification

The panel filed an order withdrawing its opinion filed March 4, 2013, and reported at 709 F.3d 829 (9th Cir. 2013); replacing the opinion with a new opinion; denying a petition for rehearing; and denying a petition for rehearing en banc in an action brought by newspaper employees under the Fair Labor Standards Act, California's Unfair Business Practices Law, and the California Labor Code.

In the new opinion, on remand from the United States Supreme Court for reconsideration in light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), the panel vacated the district court's finding of commonality under Fed. R. Civ. P. 23(a)(2) and reversed the district court's certification of the state-law claims as a class action under Rule 23(b)(2) for purposes of monetary relief. The panel remanded for the district court to reconsider its findings of

---

[*] The Honorable Charles R. Breyer, District Judge for the U.S. District Court for Northern California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

commonality under Rules 23(a) and predominance under Rule 23(b)(3). The panel also vacated and remanded for the district court to examine whether the Rule 23(b)(2) class certification could continue for purposes of injunctive relief.

## COUNSEL

Della Barnett, Berkeley, California; Cordelia Dai and Randy Renick (argued), Hadsell Stormer Richardson & Renick, LLP, Pasadena, California, for Appellees.

Michael M. Berger (argued), Benjamin G. Shatz, Yi-Chin Ho, and Andrew L. Satenberg, Manatt, Phelps & Phillips, Los Angeles, California, for Appellant.

## ORDER

This court's opinion filed March 4, 2013, and reported at 709 F.3d 829 (9th Cir. 2013), is withdrawn, and is replaced by the attached Opinion.

With the filing of the new opinion, the panel has voted unanimously to deny the petition for rehearing. Judge Fletcher has voted to deny the petition for rehearing en banc, and Judges Trott and Breyer so recommend.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc, filed March 18, 2013, are **DENIED**.

## OPINION

W. FLETCHER, Circuit Judge:

Named plaintiffs filed a class action suit against defendant-appellant Chinese Daily News, Inc. ("CDN"), alleging violations of the federal Fair Labor Standards Act ("FLSA"), of California's Unfair Business Practices Law, and of the California Labor Code. The district court certified the FLSA claim as a collective action and certified the state-law claims as a class action. After a sixteen-day jury trial and a three-day bench trial, the district court entered judgment in favor of plaintiffs. On September 27, 2010, we affirmed the district court. On October 3, 2011, the United States Supreme Court vacated and remanded for reconsideration in light of its decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). We now reverse the district court's certification of the plaintiff class under Federal Rule of Civil Procedure 23(b)(2), and we remand for the district court to reconsider its analysis under Rules 23(a) and 23(b)(3).

## I. Background

On March 5, 2004, Lynne Wang, Yu Fang Ines Kai, and Hui Jung Pao filed suit against CDN on behalf of current, former, and future CDN employees based in CDN's San Francisco and Monterey Park (Los Angeles) locations, claiming violations of the FLSA, 29 U.S.C. § 206 et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code

§ 17200 et seq., and California's Labor Code. Plaintiffs alleged that CDN employees were made to work more than eight hours per day and more than forty hours per week. They further alleged that they were wrongfully denied overtime compensation, meal and rest breaks, accurate and itemized wage statements, and penalties for wages due but not promptly paid at termination. They sought damages, restitution, attorneys' fees, and injunctive relief.

After plaintiffs narrowed the class definition to include only non-exempt employees at the Monterey Park facility, the district court certified the FLSA claim as a collective action. The district court certified the state-law claims as a class action under Rule 23(b)(2). *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 611 (C.D. Cal. 2005). In the alternative, the district court held that the class could be certified under Rule 23(b)(3). *Id.* at 614.

The post-certification litigation proceeded in three stages. First, both sides sought summary judgment on the question whether CDN's reporters were eligible for overtime under the FLSA. The court granted summary judgment to plaintiffs, holding that CDN's reporters did not fall within the "creative professional exemption" and were thus eligible for overtime. *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1055 (C.D. Cal. 2006); *see* 29 C.F.R. § 541.302(d). Second, the district court held a sixteen-day jury trial. The jury returned a special verdict awarding the plaintiff class over $2.5 million in damages. Third, the court held a bench trial on the remaining issues of injunctive relief, penalties, prejudgment interest, and restitution. It held that plaintiffs' injuries could be remedied by damages and denied plaintiffs' request for an injunction.

We affirmed. *Wang v. Chinese Daily News*, 623 F.3d 743 (9th Cir. 2010). The Supreme Court granted certiorari, vacated our opinion, and remanded for reconsideration in light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). The parties submitted post-remand supplemental briefing, and we held oral argument.

## II. Discussion

A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b). The district court held that Rule 23(a) had been satisfied and certified the class under Rule 23(b)(2). In the alternative, it held that the class could be certified under Rule 23(b)(3). *Wang*, 231 F.R.D. at 614. We reverse the district court's certification under Rule 23(b)(2) for purposes of monetary relief in light of *Wal-Mart*. We remand for the district court to reconsider its analysis under Rules 23(a) and 23(b)(3), and to examine whether the Rule 23(b)(2) class certification may continue for purposes of injunctive relief.

## A. Rule 23(a)

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart*, 131 S. Ct. at 2550. The rule requires a party seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation. *Id.* The rule provides:

> One or more members of a class may sue or
> be sued as representative parties on behalf of
> all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Class certification is proper only if the trial court has concluded, after a "rigorous analysis," that Rule 23(a) has been satisfied. *Wal-Mart*, 131 S. Ct. at 2551 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). CDN challenges the district court's finding that the commonality requirement of Rule 23(a)(2) was satisfied. CDN does not challenge other Rule 23(a) findings of the district court.

Plaintiffs argue that CDN has waived its right to challenge the district court's commonality finding because its opening brief, filed before the Supreme Court's decision in *Wal-Mart*, discussed the existence of common questions only in arguing against Rule 23(b)(3) certification. CDN did not argue the issue of commonality in its discussion of Rule 23(a). "Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief." *United States v. Brooks*, 610 F.3d 1186, 1202 (9th Cir. 2010) (internal quotation marks omitted). However, we may consider new arguments on appeal if the issue arises

because of an intervening change in law. *See Randle v. Crawford*, 604 F.3d 1047, 1056 (9th Cir. 2010). We conclude that the Court's decision in *Wal-Mart* presents a sufficiently significant legal development to excuse any failure of CDN to discuss the commonality requirement of Rule 23(a)(2) in its opening brief. Further, any potential prejudice to plaintiffs is cured by the fact that both parties were able to address the commonality issue under Rule 23(a)(2) in their supplemental briefs submitted after the Supreme Court's remand.

The district court held that the commonality requirement was satisfied because of numerous common questions of law and fact arising from CDN's "alleged pattern of violating state labor standards." 231 F.R.D. at 607. However, as the Supreme Court noted in *Wal-Mart*, "any competently crafted class complaint literally raises common questions." *Wang*, 131 S. Ct. at 2551 (alteration and internal quotation marks omitted). "What matters to class certification is not the raising of common questions — even in droves — but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (alteration and internal quotation marks omitted). Dissimilarities within the proposed class may "impede the generation of common answers." *Id.* "If there is no evidence that the entire class was subject to the same allegedly discriminatory practice, there is no question common to the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011).

*Wal-Mart* was "one of the most expansive class actions ever." *Wal-Mart*, 131 S. Ct. at 2547. The class was a nationwide class of approximately 1.5 million current and former female Wal-Mart employees alleging "that the discretion exercised by their local supervisors over pay and

promotion matters violate[d] Title VII by discriminating against women." *Id.* The Supreme Court noted that the plaintiffs in *Wal-Mart* "wish[ed] to sue about literally millions of employment decisions at once." *Id.* at 2552. In order to show that examination of the class claims would "produce a common answer to the crucial question" of why each employee was disfavored, the plaintiffs needed to present "significant proof" that Wal-Mart "operated under a general policy of discrimination." *Id.* at 2552–53 (internal quotation marks omitted). Wal-Mart's publicly announced policy forbade discrimination. In the view of the Court, the only countervailing evidence of a general policy of discrimination offered by plaintiffs was "worlds away from significant proof." *Id.* at 2554 (internal quotation marks omitted).

*Wal-Mart* reiterated that the "rigorous analysis" under Rule 23(a) "sometimes [requires] the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at 2551 (quoting *Falcon*, 457 U.S. at 160, 161). As we explained in *Ellis*, 657 F.3d at 981, "the merits of the class members' substantive claims are often highly relevant when determining whether to certify a class," and "a district court *must* consider the merits" if they overlap with Rule 23(a)'s requirements. "[T]he district court was required to resolve any factual disputes necessary to determine whether there was a common pattern and practice that could affect the class *as a whole*." *Id.* at 983.

*Wal-Mart* is factually distinguishable from our case. Most important, the class here is much smaller. It encompasses only about 200 employees, all of whom work or worked at the same CDN office. Plaintiffs' claims do not depend upon establishing commonalities among 1.5 million

employees and millions of discretionary employment decisions. Nonetheless, there are potentially significant differences among the class members.

We vacate the district court's Rule 23(a)(2) commonality finding and remand for reconsideration in light of *Wal-Mart*. On remand, the district court must determine whether the claims of the proposed class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551. Plaintiffs need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution. So long as there is "even a single common question," a would-be class can satisfy the commonality requirement of Rule 23(a)(2). *Wal-Mart*, 131 S. Ct. at 2556 (alteration and internal quotation marks omitted).

## B. Rule 23(b)(2)

In our earlier opinion, we affirmed the district court's certification under Rule 23(b)(2). Relying upon our en banc decision in *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc), we held that the class certification under Rule 23(b)(2) was proper because the class's claims for monetary relief did not predominate over its claims for injunctive relief. *Wang*, 623 F.3d at 755. After we issued our decision in this case, however, the Supreme Court reversed our en banc decision. In reversing, the Court made clear that "individualized monetary claims belong in Rule 23(b)(3)" rather than Rule 23(b)(2). *Wal-Mart*, 131 S. Ct. at 2558. The Court left open the possibility that "incidental" monetary

claims could be brought in a Rule 23(b)(2) class action, but it declined to decide that question. *Id.* at 2560–61.

Plaintiffs concede that class certification for their monetary claims under Rule 23(b)(2) cannot stand in light of *Wal-Mart*. *See Wal-Mart*, 131 S. Ct. at 2559–60. However, the possibility of a Rule 23(b)(2) class seeking injunctive relief remains. Rule 23(b)(2) applies "when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.* at 2557; *see also Ellis*, 657 F.3d at 987 (indicating that the court could certify a Rule 23(b)(2) class for injunctive relief and a separate Rule 23(b)(3) class for damages).

We remand to the district court for a determination whether, in light of *Wal-Mart*, the previously granted certification of a Rule 23(b)(2) class should continue for purposes of injunctive relief. The district court should first consider its commonality finding under Rule 23(a)(2). If it again finds commonality, it should consider whether class certification under Rule 23(b)(2) for purposes of injunctive relief can be sustained. It appears that none of the named plaintiffs has standing to pursue injunctive relief on behalf of the class, as none of them is a current CDN employee. *See Wang*, 623 F.3d at 756. However, because the Rule 23(b)(2) class was certified by the district court while they were current employees, the class certification with respect to injunctive relief may survive if there are identifiable class members who are still employed by CDN. *See Bates v. United Parcel Servs., Inc.*, 511 F.3d 974, 987 (9th Cir. 2007) (en banc).

## C. Rule 23(b)(3)

In our earlier opinion, we declined to consider whether the district court's alternative ruling certifying the class under Rule 23(b)(3) was proper. Rule 23(b)(3) provides that class certification is permissible if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). The predominance analysis under Rule 23(b)(3) focuses on "the relationship between the common and individual issues" in the case and "tests whether proposed classes are sufficiently cohesive to warrant

adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citation and internal quotation marks omitted).

For three reasons, we remand to the district court for reconsideration of the propriety of class certification under Rule 23(b)(3). First, the district court can certify a class under Rule 23(b)(3) only if it first again determines that plaintiffs meet the commonality requirement under Rule 23(a). *See supra* Section II.A.

Second, the district court's conclusion that common questions predominate in this case rested on the fact, considered largely in isolation, that plaintiffs are challenging CDN's uniform policy of classifying all reporters and account executives as exempt employees. *See Wang*, 231 F.R.D. at 612–13. In two recent decisions, we criticized the nature of the district court's Rule 23(b)(3) predominance inquiry in this case. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 958–59 (9th Cir. 2009); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944–48 & n.14 (9th Cir. 2009). We observed that the district court in this case "essentially create[d] a presumption that class certification is proper when an employer's internal exemption policies are applied uniformly to the employees." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d at 958. We wrote that such a presumption "disregards the existence of other potential individual issues that may make class treatment difficult if not impossible." *Id.* The main concern of the predominance inquiry under Rule 23(b)(3) is "the balance between individual and common issues." *Id.* at 959. "[A] district court abuses its discretion in relying on an internal uniform exemption policy to the near exclusion of

other factors relevant to the predominance inquiry." *Vinole*, 571 F.3d at 946.

Third, the California Supreme Court has recently clarified California law concerning an employer's duty to provide meal breaks. In *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 535 (Cal. 2012), the court held that an employer is obligated to "relieve its employee of all duty for an uninterrupted 30-minute period" in order to satisfy its meal-break obligations, but that the employer need not actually ensure that its employees take meal breaks. If an employee works through a meal break, the employer is liable only for straight pay, and then only when it "knew or reasonably should have known that the worker was working through the authorized meal period." *Id.* at 536 n.19 (internal quotation marks omitted).

> On the other hand, an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks. . . . The wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

*Id.* at 536.

We vacate the district court's Rule 23(b)(3) certification and remand to permit the court to reconsider its analysis in light of *Wal-Mart*, in light of *Wells Fargo* and *Vinole*, and in light of *Brinker*. Rule 23 provides district courts with broad authority at various stages in the litigation to revisit class

certification determinations and to redefine or decertify classes as appropriate. *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005). The district court should consult the entire record of this case in the exercise of that authority.

Conclusion

We reverse the district court's class certification under Rule 23(b)(2) for purposes of monetary relief. We vacate and remand for the district court to reconsider its findings of commonality under Rule 23(a) and predominance under Rule 23(b)(3). We also vacate and remand for reconsideration of class certification under Rule 23(b)(2) for purposes of injunctive relief. Because we vacate the district court's class certification, we do not reach any other issues from trial, including the calculation of damages.

**REVERSED** in part, **VACATED**, and **REMANDED**.