**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YVETTE GREEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant - Appellee. | No. 13-56093<br><br>D.C. No. 2:08-cv-01360-DSF-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 4, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[**] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Joan Humphrey Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Plaintiff-Appellant Yvette Green appeals the district court's denial of her motion for class certification.[1] We review a district court's decision concerning class certification under Fed. R. Civ. P. 23 for an abuse of discretion. *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009). "Abuse exists in three circumstances: (1) reliance on an improper factor, (2) omission of a substantial factor, or (3) a clear error of judgment in weighing the correct mix of factors." *Id.* "To the extent that a ruling on a Rule 23 requirement is supported by a finding of fact, we review that finding for clear error." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011) (internal quotation marks omitted), *abrogated on other grounds by Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). We have jurisdiction under 28 U.S.C. § 1292, and affirm.

Green sought to certify two classes, alleging that the Defendant-Appellee Federal Express Co. ("FedEx") failed to pay all hours worked by its employees by (1) not paying employees for the time between when the employees "clocked in" to the time they started their scheduled shift and from the time they ended their shift to the time they "clocked out" (the "Unpaid On-the-Clock Class"); and (2) not

---

[1]Green filed a Petition for Interlocutory Appeal, pursuant to Fed. R. Civ. P. 23(f), and this court granted that Petition on June 21, 2013. The district court proceedings were stayed pending this court's decision.

paying for work performed during unpaid meal breaks (the "Working Meal Break Class").

1. The district court did not abuse its discretion by refusing to certify the Unpaid On-the-Clock Class. On remand, this court directed the district court to

> apply [the standard in *Rutti v. Lojack Corp.*, 596 F.3d 1046, 1061 (9th Cir. 2010), and *Morillion v. Royal Packing Co.,* 995 P.2d 139 (Cal. 2000),] to determine whether the level of FedEx's control over employees within the proposed general class when they are on-the-clock but off-shift is sufficient to render the on-the-clock but off-shift time compensable under California law, first, in determining whether Rule 23 certification is proper and, subsequently, in deciding the merits.

*Forrand v. Fed. Express Corp.*, 401 F. App'x 198, 200 (9th Cir. 2011). On remand, the district court properly applied the standard from *Rutti* and *Morillion* to determine whether the FedEx employees (as a class) were under FedEx's control during the time they were on the clock but not on-shift. Absent a policy that prevents the FedEx employees from using that time for their own benefit, Green cannot show class-wide control by FedEx. *See generally Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2555-57 (2011) (addressing the Fed. R. Civ. P. 23(a) commonality requirement and finding that a common question did not exist absent a corporate policy of gender discrimination); *see also Comcast Corp.*, 133 S. Ct. at 1432 ("If anything, Rule 23(b)(3)'s predominance criterion is even more

3

demanding than Rule 23(a)."). Without demonstrating class-wide control, Green cannot satisfy the requirement of Rule 23(b)(3), because individual fact inquiries concerning whether FedEx controlled each employee would predominate over any common question.

The district court's finding that FedEx did not have a policy limiting how employees could use their time when they were "clocked-in" but not on-shift is not clearly erroneous. Each of FedEx's Fed. R. Civ. P. 30(b)(6) designees who were questioned on the matter testified that FedEx did not have a policy limiting what an employee could do with their time when they were "clocked-in" but not on-shift. The designees testified that they saw no reason why the employees would not be able to leave the FedEx premises (or use the time for any other purpose) after clocking in as long as they returned and were ready to work by the time their shift started. Additionally, it is undisputed that if an employee worked during that time (whether before or after their shift), they would be compensated for that time if they notified their manager and had their time card adjusted.

Green's only evidence, presented to support her contention that FedEx had a policy that exerted control over its employees while they were "clocked in," was that some employees at the Los Angeles branch thought that they could not leave the premises after clocking in. At best, this evidence suggests that employees *at*

4

*that branch* may have been under FedEx's control after clocking in. However, this evidence must be contrasted with testimony from employees at the San Diego office indicating that they were free to leave the premises after clocking in. Taken together, this evidence demonstrates that the district court's conclusion, that FedEx did not have a uniform policy that automatically placed all of the potential class members under FedEx's control as soon as they "clocked in," was not clearly erroneous. Accordingly, the district court did not abuse its discretion by concluding that Green has not satisfied the requirement of Rule 23(b)(3), because individual fact inquiries concerning whether each employee was under FedEx's control would predominate over any common questions.

2. The district court did not abuse its discretion by refusing to certify the Working Meal Break Class. Under California law, an employer is "obligated to 'relieve its employee of all duty for an uninterrupted 30-minute period' . . . , but . . . the employer need not actually ensure that its employees take meal breaks." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 546 (9th Cir. 2013) (quoting *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 515 (Cal. 2012)). If a meal break is provided, and an employee works through the break, "the employer is liable only for straight pay, and then only when it knew or reasonably should have known that the worker was working through the authorized meal period." *Id.* (internal

5

quotation marks omitted). However, "the employer is not obligated to police meal breaks and ensure no work thereafter is performed." *Brinker Rest. Corp.*, 273 P.3d at 537.

The district court properly recognized and applied the principles from these cases and concluded that the evidence presented by Green "does not adequately tie Green's allegation that FedEx failed to pay employees for time spent working on meal breaks to a proper and reliable measure of damages for work done on those breaks." *Forrand v. Fed. Express Corp.*, No. CV 08-13600 DSF, 2013 WL 1793951, *5 (C.D. Cal. 2011). For time to be compensable when a work break has been provided by the employer,[2] the employee must show that the employer knew or should have known that some of its employees were working through their meal breaks. *Chinese Daily News, Inc.*, 737 F.3d at 546. However, Green's common method of proof, electronic scans of packages during designated meal breaks, does not show that FedEx knew or should have known that its employees were working during their break periods. First, it is undisputed that FedEx did not regularly review the electronic data Green would use to show work performed during meal breaks. Therefore, Green's evidence does not show that FedEx actually knew of

_____

[2] Green does not argue that FedEx failed to provide its employees with appropriate breaks. Instead, Green argues that some FedEx employees worked through their breaks and were not compensated.

uncompensated work being done. Second, FedEx is not obligated to police its employees' meal breaks. *See Brinker Rest. Corp.*, 273 P.3d at 537. Thus, FedEx had no obligation to sift through the volumes of electronic data produced by the scanning devices to determine whether its employees were actually taking their authorized breaks. Because the electronic scan data does not show that FedEx knew or should have known that some of its employees were working through their meal breaks, Green has failed to provide a common method of proof that would require FedEx to compensate its employees on a class-wide basis. Therefore, individual issues concerning whether an employee actually worked during a meal break, and brought it to the attention of FedEx, would predominate. Thus, the district court's decision to deny class certification under Rule 23(b)(3) was not an abuse of discretion.

**AFFIRMED.**