**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANNA BERNARD; et al., | No. 13-57158 |
| Plaintiffs - Appellants, | D.C. No. 2:11-ml-02274-DSF-PLA |
| v. | |
| CITIMORTGAGE INC., a New York corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[**] Senior District Judge.

Hanna Bernard and others ("Plaintiffs") appeal the district court's order

denying their motion for class certification in their diversity action against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

CitiMortgage Inc. ("Citi"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"A ruling on class certification 'is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion.'" *Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 937 (9th Cir. 2009) (per curiam) (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 461 (9th Cir. 2000)). Under this standard, we first "consider whether the district court identified the correct legal standard." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc). We next "determine whether the district court's findings of fact, and its application of those findings of fact to the correct legal standard, were illogical, implausible, or without support in inferences that may be drawn from facts in the record." *Id*.

The parties do not dispute that the district court identified the correct legal standard for class certification as Federal Rule of Civil Procedure 23. Instead, Plaintiffs contend that the district court's application of Rule 23 was "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *Id*.

The district court did not abuse its discretion in denying certification under Rule 23(b)(3). As required by *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538,

545 (9th Cir. 2013), the district court's analysis focused on the relationship between the common and individual issues in the case. In doing so, the district court determined that individual issues predominated over common issues, because determination of the deadline by which Citi was allegedly required to grant or deny permanent modification could not be made "simply by identifying the MED [Modification Effective Date] as stated in the TPP [Trial Payment Plan Agreement]." *In re CitiMortgage, Inc. Home Affordable Modification Program (HAMP) Litig.*, No. 11-2274, 2013 WL 8844095, at *6 (C.D. Cal. Oct. 7, 2013). Rather, such a determination would also require inquiry into issues unique to each class member.*Id.* The district court supported this conclusion with specific examples. "The deadline may also have been affected by the parties' course of conduct, changes in income, inaccurately or incompletely reported income, oral and written representations regarding documentation still needed and other modification options, applicable Treasury Directives, and other considerations." *Id*. The district court then noted that these additional considerations were critical to determining not only whether Citi had breached the TPP, but also the amount of damages. *Id*. Because of the importance of these individual factors, the district court concluded that individual issues predominated over common issues, noting

that "it is clear that an evaluation of the merits of the proposed class claim would require significant individualized inquiry." *Id*.

The district court also did not abuse its discretion by denying class certification under Rule 23(b)(1), because Plaintiffs failed to "affirmatively demonstrate [their] compliance" with Rule 23(b)(1). *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-2552 (2011)). As the district court noted, Plaintiffs' footnoted arguments under Rule 23(b)(1) were "cursory" and lacked "any substantive explanation as to why the reasoning in [the cases Plaintiffs cited] would support certification on the facts and law in this case." *In re CitiMortgage, Inc.*, 2013 WL 8844095, at *4.

Lastly, the district court did not abuse its discretion by denying class certification under Rule 23(b)(2). For the first time on appeal, Plaintiffs alternatively characterize their legal theory as seeking declaratory relief to qualify under Rule 23(b)(2).[1] Because this argument was not raised before the district court, it is waived. *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989).

---

[1] Before the district court, Plaintiffs characterized their Rule 23(b)(2) theory as seeking injunctive relief—i.e., to enjoin Citi from collecting certain fees and to require corrective reporting.

**AFFIRMED**.