Armando CALDERA, individually and on behalf of a class of similarly situated individuals, Plaintiff,

v.

AMERICAN MEDICAL COLLECTION AGENCY, a.k.a. Retrieval-Masters Creditors Bureau, Inc., Defendants.

No. 2:16-cv-0381-CBM-AJWx

United States District Court, C.D. California.

Signed 06/27/2017

Adrian Robert Bacon, Thomas Edward Wheeler, Todd M. Friedman, Law Offices of Todd M Friedman PC, Woodland Hills, CA, Joshua B. Swigart, Hyde and Swigart, San Diego, CA, Seyed Abbas Kazerounian, Matthew M. Loker, Kazerouni Law Group APC, Costa Mesa, CA Andrei Armas, Kazerouni Law Group APC, Oakland, CA, for Plaintiff.

Sean P. Flynn, Kevin Simon Jay, Gordon and Rees LLP, Irvine, CA, Douglas Patrick Smith, Lee Hong Degerman Kang & Waimey, Newport Beach, CA, Evan M. Rothman, Bidna and Keys APLC, Newport Beach, CA, Ryan Walter Young, Lewis Brisbois Bisgaard & Smith LLP, Costa Mesa, CA, for Defendants.

1. Plaintiff alleges:
 (1) **Negligent Violations of the TCPA** pursuant to 47 U.S.C. §§ 227, et seq., which would entitle Plaintiff and the Class to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and injunctive relief prohibiting such conduct in the future; and

## ORDER RE: PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

The matter before the Court is Plaintiff's Motion for Class Certification and to be Appointed Class Counsel (the "Motion"). (Dkt. No. 106.)

### I. BACKGROUND

On January 18, 2016, Plaintiff filed a class action complaint asserting two causes of action against Defendant American Medical Collection Agency, a.k.a. Retrieval-Masters Creditors Bureau, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA")[1] and its implementing regulations, 47 C.F.R. §§ 64.1200 et seq. (Dkt. No. 1 ("Compl.") at ¶ 21.) Plaintiff alleges that Defendant placed an unsolicited automated telephone call to Plaintiff's cell phone number in attempt to collect an outstanding debt that belonged to Plaintiff's father. (Compl. ¶¶ 13-14.)

On July 5, 2016, Plaintiff filed a Motion for Class Certification, with the hearing to take place on August 2, 2016. (Dkt. No. 34.) The parties were engaged in a discovery dispute at the time of that filing. The Court denied certification without prejudice and permitted Plaintiff to refile a certification motion after discovery was conducted. (Dkt. Nos. 49, 50.)

Plaintiff filed the instant Motion. (Dkt. No. 106.) Defendant filed an Opposition and Plaintiff filed a Reply. (Dkt. Nos. 133, 140.)

### II. STATEMENT OF THE LAW

Rule 23(a) provides that one or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) **Knowing and/or Willful Violations of the TCPA,** 47 U.S.C. §§ 227, et seq., which would entitle Plaintiff and the Class to an award of $1000.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and injunctive relief prohibiting such conduct in the future.

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980-81 (9th Cir. 2011).

Rule 23(b)(3)[2] provides that a class may be certified if Rule 23(a) is satisfied and if the Court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) provides that "matters pertinent to these findings include":

(A) the class members' interests in individually controlling the prosecution or defense of separate actions

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

*Id.*

### III. DISCUSSION

#### A. Standing

■ To satisfy the requirements of Article III standing, a plaintiff must show (1) an "injury in fact" that is concrete and particu-

larized; (2) a causal connection between the injury and defendant's conduct or omissions; and, (3) a likelihood that the injury will be redressed by a favorable decision. *See Lujan v. 12 Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561, 112 S.Ct. 2130.

■ Defendant argues that Plaintiff does not have standing to bring this action in light of the Supreme Court's recent opinion in *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S.Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). In *Spokeo*, the Supreme Court reiterated that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549.

■ The Ninth Circuit recently addressed a plaintiff's standing to bring a TCPA claim in light of *Spokeo. See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017). In rejecting the defendant's challenge to plaintiff's standing, the Ninth Circuit held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Id.* at 1043 (citing *Spokeo*, 136 S.Ct. at 1549). Thus, Plaintiff has satisfied the requirements of Article III standing by alleging that Defendant placed an unsolicited call to Plaintiff's cellular phone number in violation of the TCPA.

#### B. Class Definition

Plaintiff's Motion[3] seeks to certify a class defined as:

All persons within the United States who had or have a number assigned to a cellular telephone service who received at least one call using either the Genesys Desktop

---

**2.** Plaintiff requests the Court certify the class pursuant to Rule 23(b)(3) only.

**3.** The Court considers the proposed class definition set forth in the Motion, even though it is different from the class definition pled in the

Complaint, for purposes of ruling on the Motion. *See Wolf v. Hewlett Packard Co.*, 2016 WL 7743692, at *14 (C.D. Cal. Sept. 1, 2016); *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015).

dialing system or the Aspect 6.5.1 dialing system, from Defendant or its agent between January 1, 2014 and December 31, 2014 for debt collection purposes, who received such a call where Defendant's customer account records indicate that prior to any such calls that Defendant employed a skip trace to locate the phone number it contacted, as identified by Defendant's electronic customer account records by the language "WFBP" or "Created skip-trace." [4]

## C. Rule 23(a)

### (1) Numerosity

■ Plaintiff submits evidence that Defendant skip traced [5] more than 100 phone numbers a day on average, and therefore the class size is likely in excess of 30,000 members. (*See* Deposition of Jeffrey Wollman ("Wollman Depo.") at 75:22-78:14, Dkt. No. 150, Ex. A.) Accordingly, the numerosity requirement is met here. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) (citation omitted).

### (2) Commonality

■ In this case, the following common questions of law or fact are capable of class-wide resolution:

1. Did Defendant place calls to the class members' cellphone numbers?

2. Are the calling systems Defendant's vendors used to place the calls automatic telephone dialing systems under the TCPA?

3. Did Defendant employ a skip trace method to locate the phone numbers it contacted?

Accordingly, the commonality requirement is satisfied here. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011); *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013).

### (3) Typicality

■ Rule 23(a) requires the Court to determine whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). To satisfy the typicality requirement, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *see also Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

■ Here, the unnamed class members received unsolicited calls to their cellular phone number that were identical or similar to those received by Plaintiff. These phone calls were allegedly caused by the same course of conduct by Defendant, *i.e.*, locating the individual's cellular phone number using the skip trace method and calling that number with an ATDS.

Defendant argues that Plaintiff's claim is not typical because he was mistakenly called looking for his father, the individual whom the outstanding debt belonged to. However, the TCPA protects more than just the intended recipient of calls, as it is the actual

---

**4.** Defendant argues that Plaintiff has failed to identify an "ascertainable" class because the Class Definition is overbroad and uncertain. However, the Ninth Circuit has not adopted an "ascertainability" requirement for class action certification. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017) (noting that there is no precedent to support an "ascertainability" requirement and addressing issues regarding overbreadth and uncertainty through analysis of Rule 23's enumerated requirements). Furthermore, Plaintiff has crafted a narrowly tailored Class Definition and provides Defendant's account records to identify the individuals who were skip traced during the applicable class period.

**5.** A skip-trace is "the process of developing new telephone, address, job or asset information on a customer, or verifying the accuracy of such information." *Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1040 n.1 (9th Cir. 2012). "The skip tracers then use their particular talents to discover the debtors' whereabouts. The skip tracers pass this information back to the collection agencies, which may then contact the debtors or their employers to attempt collection of the debt through garnishment of wages or otherwise." *United States v. Cummings*, 395 F.3d 392, 394 (7th Cir. 2005). Skip traces are akin to pulling a phone number out of a phone book.

recipient, intended or not, who suffers the nuisance and privacy invasion. *See Olney v. Progressive Cas. Ins. Co.*, 993 F.Supp.2d 1220, 1223–24 (S.D. Cal. 2014); *Van Patten*, 847 F.3d at 1043 (citing Pub. L. 102-243, § 2, ¶ 12) (finding that in enacting the TCPA, "Congress sought to protect consumers from the unwanted intrusion and nuisance of unsolicited telemarketing phone calls and fax advertisements."). Accordingly, Plaintiff's claim is typical despite the fact that he was not the intended recipient of the call.

Defendant further argues that each class member's case may be affected by the affirmative defenses of good faith and unclean hands. However, the fact that affirmative defenses may be available against certain prospective class members does not preclude class certification. *See Tyson Foods, Inc. v. Bouaphakeo*, —— U.S. ——, 136 S.Ct. 1036, 1042, 194 L.Ed.2d 124 (2016) ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.") (internal quotation marks omitted).

Accordingly, the typicality requirement is satisfied here.

#### (4) Adequacy

To satisfy the adequacy of representation requirement, Plaintiff must show:

(1) the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously;

(2) Plaintiff has obtained adequate counsel; and

(3) there is no conflict between Plaintiff's individual's claim and those asserted on behalf of the class.

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

Plaintiff has shown (1) that he will fairly represent the interests of the Class and (3) that no conflicts of interest exist between his claim and those asserted on behalf the class members. With regard to element (2), Defendant argues that Plaintiff's counsel is inadequate to represent the Class in this case because it (1) failed to adequately define the class, (2) improperly disclosed experts, (3) failed to timely provide experts' written reports, (4) failed to make sure Plaintiff appeared for his deposition, (5) violated a protective order, and (6) failed to abide by the Local Rules in filing several *ex parte* applications. Defendant also contends that Plaintiff's counsel submitted documents in this action containing Plaintiff's forged signature. (*See* Declaration of Sandra Homewood ("Homewood Decl."), Dkt. No. 96.)

The Court finds Defendant's arguments untenable. Plaintiff's counsel adequately defined the class and appropriately decided to narrow the class definition after conducting additional discovery. *See Wolf v. Hewlett Packard Co.*, 2016 WL 7743692, *8 n. 4 (C.D. Cal. Sept. 1, 2016) (considering a narrower, revised class definition not asserted in the operative complaint). Plaintiff's experts were properly disclosed and there is no evidence that Plaintiff's failure to timely provide the expert's written reports caused any harm to Defendant. *See* Fed. R. Civ. P. 37(c)(1) (sanctions for failure to disclose requires evidence that failure was not "substantially justified" or "harmless"). Plaintiff's initial failure to attend a deposition appears to have been the result of a scheduling conflict, and he later appeared and testified at the deposition. This Court has made no finding that Plaintiff violated the protective order. The magistrate judge assigned to this case denied Defendant's *ex parte* application for an evidentiary hearing regarding the authenticity of Plaintiff's signature.[6] Lastly, Plaintiff counsel's failure to abide by the Local Rules in filing an *ex parte* application is insufficient in itself to render counsel inadequate in representing the class.[7]

---

**6.** In ruling on Defendant's *ex parte* application for an evidentiary hearing, the magistrate judge found that there was no emergency and no need to involve the court in addressing Defendant's

"purported suspicions or concerns." (Dkt. No. 102.)

**7.** Defendant's counsel has twice failed to comply with the Court's local rules regarding *ex parte*

Accordingly, the Court finds the adequacy requirement is satisfied.

### D. Rule 23(b)(3)

#### (1) Predominance

 The principal legal issues in this case that are common to the class are whether Defendant violated the TCPA by: (1) making debt collection calls to the class members' cellular phones, (2) using an ATDS, and (3) employing the skip trace method to locate the phone numbers. (Motion at 23.)

Defendant argues that these common issues do not predominate over individual issues regarding (1) whether individual class members gave prior express consent for the specific phone calls they received; and (2) whether individual members lack standing to sue. (Opp'n at 23.)

Plaintiff contends that prior express consent is not an individualized issue in this case, because the proposed Class is comprised only of individuals who were skip traced, or for whom Defendant did not have a valid phone number on record. (*See* Wollman Dep. at 75:22-78:14). As evidence of the individuals who were skip traced, Plaintiff provides Defendant's account records, which indicate a disposition code of "WFBP" and "Created skiptrace" whenever an individual's number was skip traced and called thereafter by Defendant. (Wollman Dep. at 42:20–46:19; Friedman Decl. Ex. B and E.)

 Defendant argues that the notations "WFBP" and "Created skiptrace" in the account records only indicate whether a skip trace was performed, not whether the individual gave prior consent to be called at that number. According to Defendant, the "WFBP" disposition code is used for a variety of reasons, *e.g.*, wrong phone number, disconnected call, data entry error. (Flynn Decl. ¶ 17, Ex. B [Wollman Dep.] 90:15-91:8.) Thus, Defendant argues that a skip trace might result in a call to a debtor who voluntarily provided their number, and for whom Defendant obtained consent to call. However, Defendant submits no evidence that any class

member in this case consented. "Where a party has not submitted any evidence of ... express consent, courts will not presume that resolving such issues requires individualized inquiries." *Bee, Denning, Inc. v. Capital All. Grp.*, 310 F.R.D. 614, 629 (S.D. Cal. 2015); *see also Van Patten*, 847 F.3d at 1044 (finding that express consent is "an affirmative defense for which the defendant bears the burden of proof.").

Defendant also fails to demonstrate that any individual class member lacks standing to sue. *See Van Patten*, 847 F.3d at 1042-43 ("a violation of the TCPA is a concrete, *de facto* injury.")

Accordingly, there is no indication that individualized issues of consent would be an obstacle to managing this case as a class action.

#### (2) Superiority

 Class actions certified under Rule 23(b)(3) must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court must consider four non-exclusive factors in evaluating whether a class action is a superior method of adjudicating plaintiff's claims: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. *Id.*

Defendant argues that the TCPA' statutory remedy is designed to provide an adequate incentive for an individual plaintiff to bring suit on his own behalf in small claims court, and that Plaintiff can seek up to $1,500 in damages for each violation of the TCPA (*i.e.*, each phone call). (Opp'n. at 25.) However, this argument is unpersuasive due to the cost and time for an average individual to bring such a suit. Moreover, the Supreme Court has specifically contemplated plaintiffs bringing TCPA cases as class actions. *Mims*

applications. (*See* Dkt. Nos. 102, 126.)

*v. Arrow Financial Services, LLC,* 565 U.S. 368, 385, 132 S.Ct. 740, 181 L.Ed.2d 881 (2012) (finding that federal and state courts have concurrent jurisdiction over private suites arising under the TCPA and that many district courts have certified TCPA class actions); *see also Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.").

Therefore, the Court finds that Plaintiff has met the superiority requirement.

### E. Appointment of Class Representative and Class Counsel

Because the Court finds that Plaintiff meets the commonality, typicality, and adequacy requirements of Rule 23(a), the Court appoints Plaintiff as class representative. When a court certifies a class, the court must also appoint class counsel, giving due consideration to:

> (i) the work counsel has done in identifying or investigating potential claims in the action;

> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

> (iii) counsel's knowledge of the applicable law; and

> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In light of the fact that Plaintiff's counsel has experience litigating TCPA claims, and given its diligence in prosecuting this action to date, the Court appoints the Law Offices of Todd M. Friedman, P.C., Kazerouni Law Group, APC, and Hyde & Swigart as class counsel in this case.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion for Class Certification.

**IT IS SO ORDERED.**