NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>PUBLISHERS BUSINESS SERVICES,<br>INC. *et al.*,<br><br>Defendants-Appellants. | No. 17-15600<br><br>D.C. No. 2:08-CV-00620<br><br>MEMORANDUM[*] |

On Remand from the United States Supreme Court

Before:  O'SCANNLAIN and BEA, Circuit Judges, and STEARNS,[**] District Judge.

From 2004 to 2008, Appellant Publishers Business Services, Inc. ("PBS") used a collection of deceptive telemarketing scripts to sell magazine subscriptions to consumers on the pretense that it was conducting a "survey."  In 2008, Appellee Federal Trade Commission (the "FTC") initiated an enforcement action in district court, alleging that PBS's actions violated Section 5 of the FTC Act, 15 U.S.C. §

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

1

45(a), and requesting equitable relief under Section 13(b), 15 U.S.C. § 53(b).

The district court granted the FTC's motion for summary judgment on liability, finding that PBS had violated the FTC Act, and entered a permanent injunction barring PBS from engaging in the deceptive practices. The district court then held an evidentiary hearing on damages and ultimately awarded equitable monetary relief in the amount of $191,219. The FTC appealed the district court's calculation of damages, but PBS neither filed a cross-appeal nor challenged any aspect of the district court's ruling that granted the permanent injunction. We vacated the district court's order with respect to the equitable monetary relief because the district court had applied an incorrect legal standard in calculating the proper amount. *See* 540 F. App'x 555, 556–58 (9th Cir. 2013) ("*PBS I*"). We remanded and directed the district court to base the equitable monetary relief on the losses suffered by the consumers, rather than the gain enjoyed by the defendants.

On remand, the district court awarded to the FTC nearly $24 million in equitable monetary relief. PBS appealed and argued, among other things, that the language in Section 13(b)—allowing the FTC to obtain a "permanent injunction"— did not allow for such equitable monetary relief. We disagreed, explaining that this argument was foreclosed by our decision in *FTC v. Commerce Planet, Inc.*, 815 F.3d 593 (9th Cir. 2016). *See FTC v. Dantuma*, 748 F. App'x 735, 737–38 (9th Cir. 2018) ("*PBS II*"). PBS petitioned for a writ of *certiorari*.

On April 22, 2021, the Supreme Court issued its decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), holding that Section "13(b)'s 'permanent injunction' language does not authorize the [FTC] directly to obtain court-ordered monetary relief." *Id.* at 1347. The Court explained, "[T]o read those words ['permanent injunction'] as allowing what they do not say, namely, as allowing the [FTC] to dispense with administrative proceedings to obtain monetary relief as well, is to read the words as going well beyond the provision's subject matter." *Id.* at 1348. Shortly thereafter, the Court granted PBS's petition for *certiorari*, vacated our decision in *PBS II*, and remanded for further consideration in light of *AMG Capital*, 141 S. Ct. at 1341.

The Supreme Court's decision in *AMG Capital* precludes the equitable monetary relief awarded in this case. Despite the FTC's argument to the contrary, PBS did not waive this argument by failing to raise it in prior proceedings. In *PBS I*, we vacated the award and remanded to the district court with instructions to recalculate the proper amount of equitable monetary relief, but we also explained that our decision "does not mean that the district court must accept the calculation proposed by the FTC." *PBS I*, 540 F. App'x at 558. In fact, we clarified that "[t]he district court may consider these and other arguments in determining the appropriate amount of damages to be awarded." *Id.* Our instructions allowed for the district court to entertain other arguments pertaining to the proper amount of equitable

3

monetary relief, which included PBS's subsequent argument that the proper amount should be $0 because Section 13(b) does not authorize any such relief. Besides, "any potential prejudice to [the FTC] is cured by the fact that both parties were able to address the [Section 13(b)] issue" to both the district court and court of appeals leading up to our decision in *PBS II*. *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 543 (9th Cir. 2013) (excusing failure to raise issue in opening brief in part because the parties addressed the issue in supplemental briefing); *see also Carrillo v. County of Los Angeles*, 798 F.3d 1210, 1223 (9th Cir. 2015) (excusing failure to preserve below "because the issue is purely one of law, and because our addressing it at this juncture will not prejudice the plaintiffs").

That being said, PBS improperly argues that the district court's initial order that granted summary judgment was erroneous. PBS waived any arguments related to the district court's ruling that granted the permanent injunction when it failed to raise those arguments in *PBS I*. The only issue in *PBS I* was the proper amount of equitable monetary relief, so our remand was limited to that issue alone.

Accordingly, we **AFFIRM** the district court's order that granted the permanent injunction, **VACATE** the district court's order that awarded equitable monetary relief under Section 13(b), and **REMAND** for further proceedings consistent with this decision to determine if any other relief is warranted.

4