NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TISHA HILARIO, individually and on behalf of a class of all others similarly situated,

            Plaintiff-Appellee,

  v.

ALLSTATE INSURANCE COMPANY,

            Defendant-Appellant.

No.     23-15264

D.C. No. 3:20-cv-05459-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted January 11, 2024
San Francisco, California

Before: SILER,[**] CLIFTON, and M. SMITH, Circuit Judges.

Tisha Hilario brought a class action suit against Allstate Insurance Company

for negligence and unfair and fraudulent business practices under Cal. Bus. & Prof.

Code § 17200, *et seq.*, alleging that Allstate "artificially inflated premiums" for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

many California homeowners by double counting built-in garage space. Hilario successfully sought class certification under Federal Rule of Civil Procedure 23(b)(3), and the district court redefined the class as: "All Allstate California homeowners' insurance policyholders as of March 2019, who paid premiums and had at least one built-in garage, and whose garage square footage was counted twice in calculating insured square footage and premiums." Allstate timely filed an interlocutory appeal of the class certification ruling. We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm.

1. On appeal, Allstate argues for the first time that Hilario lacks standing. "Questions of standing and ripeness may be raised and considered for the first time on appeal, including sua sponte," and are reviewed de novo. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009). In class actions, the named plaintiff is the focus of the standing inquiry. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011). Allstate's sole argument is that Hilario has not suffered an injury in fact because the true square footage of her house was always higher than Allstate's estimate, which it used to calculate Hilario's premiums.

This argument lacks merit. It is undisputed that Hilario paid a higher insurance premium than she otherwise would have because Allstate artificially

inflated its square footage estimate of Hilario's home by double-counting garage space when it implemented Project UIN. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (Standing requires a plaintiff to suffer an "injury in fact," that is "'fairly traceable' to the challenged action," and is "'likely' to be redressed by a favorable decision.'"). Hilario suffered a "concrete and particularized" injury that was "actual or imminent, not conjectural or hypothetical"—she paid more than she otherwise would have because Allstate double counted the square footage of her garage space. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) (quotations omitted). "This is a quintessential injury-in-fact." *See id.* at 1069 (plaintiffs had standing where, "as a result of defendants' actions, [plaintiffs] paid more for their homes than the homes were worth at the time of sale").

2. The district court did not abuse its discretion in redefining the certified class. "Rule 23 provides district courts with broad authority at various stages in the litigation to revisit class certification determinations and to redefine or decertify classes as appropriate." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 546 (9th Cir. 2013). Allstate's argument that the class is too broadly defined because it may contain uninjured members fails because "even a well-defined class may inevitably contain some individuals who have suffered no harm as a result of a defendant's unlawful conduct." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136 (9th Cir. 2016).

23-15264

3. Parties seeking class certification must satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 398 (2010). Here, the district court certified the class under Rule 23(b)(3), which additionally requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Allstate challenges the district court's decision to certify the class with respect to its conclusions on typicality, predominance, and superiority. Reviewing for abuse of discretion, we hold that the district court's conclusions were not illogical, implausible, or unsupported by the record. *See Leyva v. Medline Industries Inc.*, 716 F.3d 510, 513 (9th Cir. 2013).

As to typicality, "a named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation marks omitted). Allstate argues Hilario did not correct the square footage estimate Allstate used to determine her premium as contractually required, and that this unique contractual dispute will "consume the focus of this litigation." First and foremost, the true square footage of Hilario's home is irrelevant to determining whether Allstate

violated California law when it implemented Project UIN. As the district court explained, "[e]ven if Hilario's policy should have reflected that the 'true' square footage of her house was larger than what was being insured, that is a separate question from whether Allstate increased her premium because it double counted her garage space." Any dispute between Allstate and Hilario over the true square footage of her home is inapposite and will not consume the focus of this litigation. Second, Allstate's potential contractual counterclaim arises from boilerplate language in Hilario's policy. Since the language is boilerplate, it is likely to be found on every class member's homeowner's policy and cannot be said to be a defense unique to Hilario.

Allstate contends that individual damages inquiries will predominate, but "the need for individual damages calculations does not, alone, defeat class certification." *Vaquero v. Ashley Furniture Industries*, Inc., 824 F.3d 1150, 1155 (9th Cir. 2016). Damages issues predominate only where a plaintiff cannot "prove that damages resulted from the defendant's conduct." *Id.* at 1154. "No such problem exists in this case" because "even if the measure of damages proposed here is imperfect, it cannot be disputed that the damages (if any are proved) stemmed" from Allstate's implementation of Project UIN and its double-counting of garage space. *See id.* at 1154-55.

Finally, a class action is not superior where "each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001). Allstate makes the same arguments against the district court's superiority conclusion as with its predominance conclusion, namely that the need to calculate individual damages would make this class action unmanageable. But the denial of class certification is improper on superiority grounds where that denial is "based on manageability concerns on the need to individually calculate damages." *Leyva*, 716 F.3d at 515. As with predominance, the need to calculate individual damages cannot defeat class certification. *Id.*

**AFFIRMED**.